[No. 755. Decided January 31, 1893.]

## P. LAURENDEAU, *Appellant*, v. PETER FUGELLI, *Respondent.*

PUBLIC LANDS — ADVERSE POSSESSION — REPLEVIN FOR HAY CUT.

A settler upon public land may maintain replevin for hay cut therefrom by one who forcibly takes possession of such land and holds the same adversely to plaintiff.

*Appeal from Superior Court, Kittitas County.*

*Pruyn & Ready,* for appellant.

*H. J. Snively,* for respondent.

The opinion of the court was delivered by

HOYT, J.—The questions presented by the record in this case are in all respects similar to those presented by a case between the same parties decided by the territorial supreme court, reported in 1 Wash. 559 (21 Pac. Rep. 29), and another also between the same parties decided by this court in October last, *ante,* p. 94; and it is conceded that if the rule established in those cases is to prevail, the judgment rendered by the court below cannot stand.

Respondent contends, however, that the rule thus established is wrong; that the facts in the case show that he was in adverse possession of the premises as against the plaintiff, and had been in such adverse possession for several years, and that such being the case the title to the hay cut by him on the place while thus in possession was vested in him, and that plaintiff could not recover the same or the value thereof in replevin.

The general rule, that the owner of land cannot recover in such an action for crops grown thereon by one in actual adverse possession, is established by an almost universal current of authority. This is clear from the brief of re-

spondent, in which a large number of cases so holding are cited. And if the facts in this case make such rule applicable, the court in deciding the cases above referred to was in error, and such decisions should be overruled. But, in our opinion, they do not. That rule obtains in the interest of public policy as between the owner of land and one occupying the same adversely to him and growing crops thereon. The theory of the cases holding such to be the rule is that, though the entry upon the land may constitute a trespass, yet, if possession thereunder is maintained until it becomes adverse to the rightful owner, it ceases to be a trespass and becomes to a certain extent an interest in the land which, if continued, will ripen into what is equivalent to a good title thereto. And that, such being the case, those dealing with one thus in peaceable possession should not be called upon to look into the question of the title to the land.

But in this case the possession of the respondent, though it may be said to have been in a sense adverse to that of the plaintiff, was not such a one as could ever ripen into any title as against the plaintiff, or any other person. Such entry was, under the decision of the supreme court of the United States in *Atherton v. Fowler*, 96 U. S. 513, unlawful, and not such as could be the foundation of any right whatever.

It follows that, however long it might have been continued, it was no better upon the last day than upon the first. Besides, the finding of facts in the case at bar show that the possession of respondent has at all times been maintained by force. It cannot therefore be said to have been such peaceable adverse possession as would give to him any rights as against the person who, but for such unlawful exhibition of force, would have been in possession of the land.

In our opinion the above cited cases were decided rightly,

and that, following the rule therein announced, the judgment rendered in the lower court in the case at bar must be reversed and a new trial had.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.